# JOHN B. ADAMS

*vs*

# CHAUNCEY A. HORR.

1. On *certiorari* to review a proceeding under the Statute of 8th Henry VI, ch. 9, for forcible entry and detainer, if the complaint and finding of the inquest show that the complainant held only a leasehold and the latter declare that the defendant " did disseise and expel" with strong hand, &c., such finding is incurably repugnant, for there can be no disseisen of a leasehold.
2. So it is a fatal error if the record does not show that all the members of the inquest were sworn.
3. And such swearing ought to be shown by a certificate of the justices and not be left to be certified by the members of the inquest.
4. So, too, it will be fatal if the record does not show that the defendant was called, or had notice of the finding of the inquest that he might have the opportunity to tender his traverse.
5. The course of procedure under the Statutes of Henry VI and and James I, relating to forcible entry and detainer, pointed out and explained by the Court.

At Law.  No. 869.  Decided February 27, 1864.

*Certiorari* to review proceedings of justices of the peace in a case of forcible entry and detainer. Heard in the General Term in the first instance. The facts are sufficiently stated in the opinion.

MR. M. THOMPSON, for complainant.

MESSRS. BRADLEY and STONE, for defendant.

Mr. JUSTICE WYLIE delivered the opinion of the Court:

This case is before the Court on *certiorari* to Justices Bates and Kinsey, and is to be decided on the face of the record.

The proceedings before justices originated on the written complaint of Adams that he had been forcibly ejected from and by force kept out of certain premises in the City of Washington by the said Chauncey A. Horr. The premises described are two rooms in the house No. 450 on lots 2 and 4, in square 488, of which the complainant avers the said

Adams, at the time of the forcible entry, was "seised in his demesne as of leasehold and tenant for years."

The complaint being made, the justices caused an inquisition to be held to make inquiry as to the force, and the finding of this jury is before us as part of the record in the case.

No further proceedings were taken by the justices in consequence of the services of the *certiorari*, which had the effect to bring the record into this Court.

The proceedings in question were instituted under the following provisions of the Statute 8th Henry VI, ch. 9 ; " and, moreover, though that such persons making such entry be present or else departed before the coming of the said justices or justice, nevertheless the same justices or justice in some good town next to the tenements so entered or in some other convenient place, according to their discretion, shall have, or either of them shall have, authority and power to inquire by people of the same county, as well as them that make such forcible entries into lands and tenements as of them which the same hold with force ; and if it be found before any of them that any doth contrary to the statute, then the said justices or justice shall cause the lands and tenements so entered or holden as aforesaid to be reseised, and shall put the party so put out in full possession of the same lands and tenements, so as aforesaid entered or holden."

Inasmuch as the statute declared that the party put out by force should be "reseised" by the justices, the Courts decided that the terms seisin and disseisin and reseise could be properly used only in reference to tenants of the freehold.

For cure of this defect the Statute 21, James I, ch. 15, extended the remedy in favor of tenants for years, and of other estates less than freehold therein enumerated, not, however, including tenants at will or sufferance.

The object of these statutes was to furnish a means where-

by a person who had been forcibly put out of possession of lands or tenements, or unlawfully and by force kept out, might obtain a speedy and complete remedy, by restitution of the possession of which he had been deprived by force.

But as the remedy provided was statutary and summary, and the jurisdiction of the justices of the peace, special and limited, the courts have held, from the beginning, that the directions of the statutes must be strictly followed.

The record in this case discloses several errors which are fatal to the proceedings.

The first is that both the complaint and the finding of the inquest aver that at the time of the alleged forcible entry, the said "Adams was seised in his demesne as of leasehold and tenant for years," and the latter declares that the said Horr "did disseise and expell" with strong hand the said Adams from the premises so held.

This is an incurable repugnancy, for Adams had claimed and the jury had found only a leasehold for years in Adams, and of that there could be no disseisin. See 1 Hawk., P. C. ch. 28, sect. 39, and authorities cited.

2d. The record does not show that all the members of the inquest were sworn. The inquisition, it is true, is signed by the whole twenty-three, but in the body of the inquisition it appears that only twenty-two of them were sworn. This is also a fatal defect. Besides, it ought to have been shown by a certificate of the justices themselves that the oath had been administered to the inquest, and that fact should not have been left to be certified by the inquest themselves.

3d. It does not appear in the record that the defendant was called, or had notice of the finding of the inquest, that he might have the opportunity to tender his traverse, if he thought proper. In Queen vs. Winter, Cro. Jac. 324, Holl, C. J., said, "that if the party against whom the inquisition was found would traverse the force, that was always a reason to stay execution; and that it had been held a superse-

deas to the awarding it, and all inquisitions of office are, of common right, traversable. And if in case of an inquisition of forcible entry taken before a justice of the peace, the defendant tenders his traverse immediately, the justice must adjourn to another day and award process to return a jury thereof. In Sir Richard Bray's case an inquisition found a forcible entry, and the defendant offered immediately before the justice to traverse the force. The justice refused the traverse and granted restitution, but Kelyng, C. J., granted re-restitution."

In the present case the inquisition rendered their finding on the 1st of February and the certiorari was not served till the 4th. All the authorities say that if the defendant be not present at the time of the finding he must be called, that he may be afforded an opportunity to traverse their findings.

The record in this case does not show whether the defendant was or was not present when the finding was rendered, nor whether he was called. This also is a fatal defect.

Having thus disposed of the several questions arising on the record in this case, I proceed to state the impressions of the Court on one or two points connected with proceedings of this character, which may be of use in other cases hereafter.

And first, we advise that in all proceedings under the landlord and tenant law of 1793, as well as under statutes of Henry VI and James I, relating to forcible entry and detainer, they be conducted under the supervision of the justices, who are to determine all questions of law for the inquisition as well as those relating to evidence as others; and that the justices make a record of the whole proceedings, similar to the records kept by the clerks of courts of record.

Second. That in proceedings to obtain restitution, in cases of forcible entry and detainer, the inquisition may proceed

*ex parte*, or may hear witnesses on both sides, in their discretion. But that, if the defendant be not present when the finding is rendered, by the inquisition, the justice or justices holding the same should have the defendant served with notice of the finding, which notice may be served as other notices are served in proceedings before justices of the peace; and unless he appear, in person or by attorney, within three days from the service of such notice, and traverse the force in writing, the justice or justices may treat it as a waiver of the traverse, and render judgment upon the finding of the inquisition. But should the defendant appear and traverse the force, the justices should then issue a venire for a petit jury to try the issue before them, at such time as may be just and reasonable for both parties, under the circumstances.

All these proceedings require great care and particularity, are cumbrous, expensive, and uncertain. But they are the only remedies we have, or have been able to get, for the evils to which they apply, and we must endeavor to make the best of them until such time as better can be obtained.